PS8
(01/24)

# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. **Joshua Stilman**                                  Docket No. **25-cr-20757-01**

### Petition for Action on Conditions of Pretrial Release

COMES NOW Devin Jackson, Pretrial Services Officer, presenting an official report on defendant Joshua Stilman, who was placed under pretrial release supervision on a $10,000.00 unsecured bond by United States Magistrate Judge Anthony P. Patti, sitting in the court at Detroit, Michigan, on September 23, 2025, under the following conditions:

1. Report as directed to Pretrial Services.
2. Surrender any passport, enhanced identification, or any international travel documents immediately to the supervising officer as directed.
3. Do not obtain a passport, enhanced identification, or any other international travel documents.
4. Travel restricted to the Eastern District of Michigan and the Western District of Michigan but only if it pertains to child custody.
5. Avoid all contact, directly or indirectly, including but not limited to any person who is or may become a victim.
6. Obtain medical or mental health treatment as directed by the supervising officer.
7. Reside at the bond address, and any changes in residence must be pre-approved by the supervising officer.
8. Do not possess a firearm, destructive device, or other dangerous weapon.
9. Do not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.
10. Submit to any testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing of a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant/offender must not obstruct or attempt to obstruct or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
11. Participate in a program of inpatient or outpatient substance use treatment if directed by the pretrial services office or supervising officer.
12. Location monitoring-curfew as directed by Pretrial Services, with GPS technology.
13. Resolve all outstanding warrants as directed by Pretrial Services.

14. The defendant is permitted the use of a computer and/or internet connected device. The defendant agrees to participate in the computer and/or internet restriction/monitoring program and will abide by all rules and requirements of the program. The defendant will permit Pretrial Services or supervising officer to configure, manage, and install monitoring software on all approved computers and/or internet connected devices, which will require the search of computer software and hardware. The defendant's use and access to computers and/or internet connected device(s) is limited to those that can be configured, managed, and monitored by Pretrial Services or supervising officer. The defendant will be responsible for the cost of the computer and/or internet monitoring software, based on their ability to pay, as determined by the Pretrial Services Agency or supervising officer.

15. Defendant is permitted the use of a computer and/or internet for employment purposes only. Any computer or internet connected device must be monitored by either the defendant's employer, or by Pretrial Services or supervising officer as noted in condition (z). The defendant is required to notify their employer of the allegations contained in the charging document and the requirement that their computer and/or internet usage be monitored. The defendant must provide verification to Pretrial Services or supervising officer that any computer and/or internet connected device is monitored as noted above.

16. Agree not to obtain, view, or possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and print material in any form.

17. Agree not to have contact, either telephonically, verbally, virtually or through written material, or through any third party with the victim or any of the victim's immediate

1. family members.

18. Agree to participate in treatment for specialized services as directed by the pretrial services office or supervising officer and pay all or part of the cost based on your ability to pay as the pretrial services office or supervising officer determines.

19. Will not patronize or be in or around places where sexually explicit materials or stimuli are available. (i.e. nude dancing clubs, pornography shops, etc.)

20. Remove all Apple devices from residence within 48 hours of release and provide verification to the supervising officer.

21. No contact with ex-wife unless it pertains to child custody.

22. Defendant may not use social media.

On October 14, 2025, the defendant appeared before United States Magistrate Judge Kimberly G. Altman for an Arraignment on an Indictment, citing one count violation of Title 18 United States Code § 2261A(2)(B) - Cyberstalking, and Title 18 United States Code § 875(d) – Interstate Threat with Intent to Extort. Bond was continued.

On November 14, 2025, Your Honor signed a Stipulated Order to amend the defendant's bond conditions to allow the defendant's Pretrial Services Officer to amend curfew rules so that the defendant can travel to and attend visitation and funeral services on November 16 and 17, 2025 in Shelby Township, Michigan.

On December 3, 2025, Your Honor signed a Stipulated Order to amend the defendant's bond conditions to allow the defendant's Pretrial Services Officer to amend location monitoring requirements and curfew rules as necessary between today and December 4, 2024 so that the defendant's location monitoring device can be removed for a CAT scan on December 3, 2025.

On March 3, 2026, Your Honor signed a Stipulated Order to amend the defendant's bond conditions to remove the drug testing requirements.

On March 27, 2026, Your Honor signed a Stipulated Order to amend the defendant's bond conditions to allow the defendant to travel to the Northern District of Ohio with preapproval from defendant's Pretrial Services Officer, and to remove any residential component, including curfew, but retain location monitoring requirements.

On January 27, 2026, the defendant appeared before Your Honor for a Plea Hearing. He entered a guilty plea, and bond was continued.

On May 21, 2026, the defendant is scheduled to appear before Your Honor for Sentencing.

**Respectfully presenting petition for action of court and for cause as follows**:

On April 7, 2026, Pretrial Services reviewed the defendant's GPS mapping. Review of this mapping revealed the defendant's presence at a marijuana dispensary (Bazonzos – 1760 E. West Maple Road in Walled Lake, Michigan) the day prior. Following review, Pretrial Services conducted virtual contact with the defendant via Zoom. Inquiry was made into the defendant's travel patterns, specifically the defendant's frequent stops at a marijuana dispensary. The defendant admitted he has been using marijuana to battle symptoms related to his underlying medical diagnosis and treatments. Pretrial Services reviewed the defendant's bond conditions with him, including the requirement to refrain from using or unlawfully possessing a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner. Pretrial Services informed the defendant his marijuana possession/use was a violation of his bond conditions. He was instructed to cease marijuana use in order to come into compliance with his bond conditions.

Pretrial Services has conducted additional review of the defendant's GPS mapping from April 7, 2026, to present. This GPS mapping revealed the defendant's presence at the above-noted dispensary every day in the month of April, with exception to April 9th through April 12th when he was on court approved travel to Ohio.

On April 21, 2026, an NCIC/LEIN inquiry revealed no new arrest or outstanding warrants.

The defendant's adjustment to pretrial release can be described as marginal. He reports as directed and is unemployed, being financially supported by his wife. The defendant is currently enrolled in outpatient mental health treatment with a non-contact treatment provider, The Center for Assessment, Inc. Pretrial Services has been unable to obtain a copy of the defendant's treatment plan. Despite the defendant signing multiple mental health release of information forms, his therapist states, "they are unable to provide such confidential information." As a result, Pretrial Services is unaware of the defendant's treatment status.

Pretrial Services believes the defendant's continued failure to comply with the condition of not using or unlawfully possessing a narcotic drug or other controlled substances – evidenced by his GPS travel patterns placing him at and/or inside of a marijuana dispensary and his verbal

admission - warrants court intervention. Therefore, it is requested that a Bond Violation Hearing be scheduled to address the defendant's noncompliance.

Pretrial Services has notified Assistant United States Attorney, Zachary Zurek, and defense counsel, Patrick Hurford, of the request for a bond violation hearing. There is no opposition from either party.

**PRAYING THAT THE COURT WILL ORDER a Bond Review Hearing to be held on _____, at _____a.m. _____p.m. so that Joshua Stilman can answer as to the above noted violations.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2026

Respectfully,

/s/ Devin Jackson

U.S. Pretrial Services Officer

Place: Detroit, Michigan

Date: April 23, 2026

**THE COURT ORDERS:**

[ X]  No Action

[   ]  Modification of Pretrial Conditions as Requested

[   ]  Bond Review Hearing and defendant to appear before the Judge assigned to the case on [date] at [time].

[   ]  The Issuance of a Warrant [check one]

    [   ]  Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing

    [   ]  Defendant to appear before the Duty Magistrate Judge for purposes of bond determination

[   ]  The incorporation of the violation (s) contained in this petition with the other violations pending before the Court.

[   ]  Other

ORDER OF COURT

Considered and ordered this 28th day of April, 2026 and ordered filed and made a part of the records in the above case.

s/Matthew F. Leitman

_____

Matthew F. Leitman

United States District Court Judge